CT Corporation

**EXHIBIT A**

**Service of Process Transmittal**
09/09/2021
CT Log Number 540213666

**TO:** Paul Bech
Chubb
436 Walnut St
Philadelphia, PA 19106-3703

**RE:** **Process Served in New Mexico**

**FOR:** Chubb National Insurance Company  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PENSICE TRUCK LEASING CO., L.P., and PENSKE LEASING AND RENTAL CO. vs. CHUBB NATIONAL INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint |
| **COURT/AGENCY:** | Santa Fe County - First Judicial District Court, NM<br>Case # D101CV202101865 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Espanola, NM |
| **DATE AND HOUR OF SERVICE:** | By Electronic Delivery on 09/09/2021 at 14:59 |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | No later than 30 days from the date you are served with this Summons (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David M. Houliston<br>LAW OFFICES OF DAVID M. HOULISTON<br>7500 Jefferson St. NE, Suite 106<br>Albuquerque, NM 87109<br>505-247-1223 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/09/2021, Expected Purge Date: 09/14/2021<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  incominglegal@chubb.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>206 S Coronado Ave<br>Espanola, NM 87532<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**CT**

**Please note: Service was accepted by the OSI on 9/9/21, the service was delivered to CT on 9/9/21.**

| SUMMONS | |
|---|---|
| District Court:  **First Judicial District Court**<br>**Santa Fe County**<br>**State of New Mexico**<br><br>**Court Address:  First Judicial District Court**<br>**225 Montezuma Avenue**<br>Santa Fe  ~~Albuquerque~~, NM 87501<br><br>**Court Telephone No.: (505) 455-8250** | **Case Number:  D-101-CV-2021-01865**<br><br><br><br>**Judge:  Honorable Kathleen McGarry**<br>**Ellenwood** |
| **PENSKE TRUCK LEASING CO., L.P., and**<br>**PENSKE LEASING AND RENTAL CO.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**CHUBB NATIONAL INSURANCE COMPANY,**<br>**ACE PROPERTY AND CASUALTY**<br>**INSURANCE COMPANY,**<br><br>        **Defendants.** | **Defendant**<br><br>**Name:     Chubb National Insurance Company**<br><br>**Address:  c/o Office of Superintendent of**<br>**Insurance**<br>**PO Box 1689**<br>**Santa Fe, NM 87504-1689** |
| | |

**TO THE ABOVE-NAMED DEFENDANT**:  Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this __30th__ day of __August__, 2021.

Kathleen Vigil
CLERK OF COURT

By: _Desiree Brooks_                      LAW OFFICES OF DAVID M. HOULISTON
        Deputy

_/s/ David M. Houliston_____
David M. Houliston
7500 Jefferson Street NE, Suite 106
Albuquerque, NM 87109
(505) 247-1223
david@houlistonlaw.com

**RETURN**[1]

STATE OF NEW MEXICO        )
                                                    ) ss.
COUNTY OF _____ )

      I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, 2021, by delivering a copy of this summons, with copies of Complaint and discovery attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ]    [to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004NMRA *(used when service is by mail or commercial courier service).*

    After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the follow manner:

[ ]    [to _____ , a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ , *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____ , the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[]    [to _____ , an agent authorized to receive service of process for defendant _____ .

[ ]    [to _____ , [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]    [to _____ *(name of person)*, _____ , *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*)

Fees:   _____

                                          _____
                                          Signature of Person Making Service

Subscribed and sworn to before me this ____
day of _____, 2021[2].

                                          _____
                                          Title (if any)

                                          My Commission Expires:

_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

                                          _____

_____
Official Title

1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to the service of the summons and complaint on the defendant.

2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/27/2021 12:17 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

PENSKE TRUCK LEASING CO., L.P., and
PENSKE LEASING AND RENTAL CO.,

Case assigned to Ellenwood, Kathleen McGarry

     Plaintiffs,

v.                                                      ~~Case~~ No. D-101-CV-2021-01865

CHUBB NATIONAL INSURANCE COMPANY, and
ACE PROPERTY AND CASUALTY INSURANCE
COMPANY.

     Defendants.

## COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT

Plaintiffs, Penske Truck Leasing Co., L.P. and Penske Leasing and Rental Co., L.P., by and through counsel of record, Law Offices of David M. Houliston (David M. Houliston), and for their Complaint for Breach of Contract, Bad Faith, and Violation of the New Mexico Unfair Claims Practices Act, against Defendants Chubb National Insurance Company and ACE Property and Casualty Insurance Co., state:

### PARTIES AND JURISDICTION

1.     Plaintiffs, Penske Truck Leasing Co., L.P. and Penske Leasing and Rental Co. (collectively referred to herein as "Penske"), at all times material hereto, are Delaware limited partnerships licensed to conduct business throughout the State of New Mexico.

2.     Upon information and belief, Chubb National Insurance Company and ACE Property and Casualty Insurance Company, (herein after referred to collectively as "Chubb") are foreign corporations authorized by the New Mexico Department of Insurance to do business in New Mexico pursuant to the rules and regulations promulgated by the Superintendent of Insurance and other applicable New Mexico statutes and jurisprudence.

1

3.      Pursuant to NMSA 1978, Section 59A-5-31, Chubb's designated agent for service of process is the Superintendent of Insurance for the State of New Mexico, whose office is in Santa Fe, New Mexico.

4.      Based on the above paragraphs, jurisdiction and venue are proper in the First District Court, County of Santa Fe, New Mexico pursuant to NMSA § 38-3-1(A) and (F) (Repl. 1998).

## BACKGROUND

5.      In October 2006, Penske entered into a Vehicle Lease Service Agreement ("VLSA") with Core-Mark Midcontinent, Inc. ("Core-Mark") which designated Penske as an Additional Insured for automobile insurance coverage purchased by Core-Mark.

6.      The VLSA was in force at all times material to this action and remains in effect today.

7.      The VLSA requires Core-Mark to purchase liability insurance to cover Penske under the policy purchased by Core-Mark.

8.      In furtherance of its obligations under the VLSA, Core-Mark purchased insurance from Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Policy #AS2-691-436369148 ("the Policy") with an applicable policy period of January 31, 2018, through January 31, 2019.

9.      Penske was an Additional Insured and Certificate Holder under the Policy issued to Core-Mark by Liberty Mutual.

10.      Core-Mark also purchased Commercial Umbrella Liability coverage from Chubb under Policy #G27946422-003 ("Commercial Umbrella Policy") with an applicable policy period of January 31, 2018, through January 31, 2019.

11.      The Chubb policies are in excess to, and serve as umbrella coverage for, the underlying insurance policy purchased by Core-Mark from Liberty Mutual.

12.     Chubb is the excess/umbrella insurer for Core-Mark International, Inc, who leases tractor units from Penske for operation on the interstate highways throughout the United States, including operations within the State of New Mexico.

13.     During the applicable policy periods for both Chubb and Liberty Mutual, on July 6, 2018, a tractor owned by Penske and leased to Core-Mark under the VLSA was involved in a motor vehicle collision in the State of New Mexico. The trailer unit involved in the accident was owned by Core-Mark.

14.     At the time of the collision, the Penske tractor unit was leased to Core-Mark pursuant to the terms of the VLSA and was operated by an employee of Core-Mark, Scot Robert Nelson.

15.     As a result of the accident, suit was filed on March 27, 2019 against Penske, Scot Robert Nelson, and Core-Mark, in the State of New Mexico, County of Dona Ana, Third Judicial District Court, as Cause No. D-307-CV-2019-00891 ("Underlying Case") *Garcia et.al v Core-Mark Midcontinent, Inc., Penske Truck Leasing, Co., L.P., and Scot Robert Nelson* ("Garcia Plaintiffs").

16.     The claims alleged in the Underlying Case by the Garcia Plaintiffs against Core-Mark and Penske are covered under the Commercial Umbrella Policy issued by Chubb to Core-Mark.

17.     Penske tendered the defense of the Underlying Case to the respective insurance carriers including Chubb and Liberty Mutual and has been defended pursuant to their status as an Additional Insured under the Liberty Mutual policy and an Insured under the Chubb Commercial Umbrella Policy.

18.     During the course of the litigation in the Underlying Case, Chubb has taken positions directly in opposition to the interests of its Insured – Penske.

19.     Chubb has refused make reasonable settlement offers to the Garcia Plaintiffs to resolve the Underlying matter and has instead, attempted to coerce Penske into paying its funds to resolve the case.

20.     Chubb, through its claims professionals, has also misstated the coverages afforded under the Commercial Umbrella Policy, misstated the law regarding the scope of coverage, and otherwise failed to act in good faith with respect to the rights of Penske.

21.     Chubb has failed to act in good faith and deal fairly with Penske in numerous ways and on multiple occasions, including but not limited to, failing to have an adjuster assigned to the Penske claim, a separate adjuster to handle the Core-Mark claim, taking positions directly contrary to the best interests of its Insured Penske, and failing to attempt a good faith settlement in the Underlying Case to protect the interests of Penske.

**COUNT I**
**BREACH OF CONTRACT**

22.     Penske re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

23.     Because of the Insured status under the Commercial Umbrella Policy from Chubb, Penske relied upon and placed its trust in Chubb and their employees, to act in good faith and in a reasonable manner in the event a claim was filed against Penske which was covered under the Commercial Umbrella Policy arising out of Core-Mark's use and operation of a tractor unit.

24.     The claim filed by the Garcia Plaintiffs in the Underlying Case is exactly the type of loss Penske was assured would be covered under the Commercial Umbrella Policy.

25.     Chubb, their employees, and agents were in a fiduciary relationship with Penske and were under a duty to use the skill, care and knowledge of other claims representatives and

underwriters, practicing as insurance claims representatives and underwriters, in evaluating and investigating claims made against its Insureds in a prompt and thorough manner.

26.     The Commercial Umbrella Policy requires Chubb to honor its obligations under the subject policy.

27.     Chubb breached its contract with Penske by failing to provide the coverage promised and the claims services represented.

28.     Chubb, either intentionally, or in the alternative, negligently breached the insurance policy contractual provisions by failing to attempt in good faith to settle with the Garcia Plaintiffs under the Commercial Umbrella Policy.

29.     As a direct result, Penske suffered damages and will suffer damages in the future in a total amount not presently determinable, but to be proven at the time of trial.

**COUNT II**
**BAD FAITH**

30.     Penske re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

31.     Implicit in the contract of insurance is the covenant that Chubb would, at all times, act in good faith and deal honestly and fairly with Penske. At all times, Penske acted honestly and good faith in all its dealings with Chubb.

32.     Chubb breached the implied covenant of good faith and fair dealing in one or more of the following ways, including but not limited to:

a.     Failing and refusing to acknowledge that the Commercial Umbrella Policy referenced above applies in this matter;

b.     Failing and refusing to promptly and fairly investigate, process, determine, and decide Plaintiff's claims under the Commercial Umbrella Policy referenced above; and

c.      Denying and delaying coverage to Plaintiff under the Commercial Umbrella Policy

referenced above.

33.      As a direct and proximate result of Chubb's acts and omissions alleged herein,

Plaintiff has suffered damages in an amount to be proven at trial.

34.      Chubb's acts and omissions alleged herein in breach of the implied covenant of

good faith and fair dealing were done intentionally, willfully, wantonly, grossly, maliciously

and/or with reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff is entitled to

recover punitive damages in an amount to be determined by the jury and sufficient to punish Chubb

for its misconduct and to deter others from similar conduct in the future.

**COUNT III**
**VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT**

35.      Penske re-alleges all previous paragraphs and incorporates the same as though fully

set forth herein.

36.      At all times material hereto, Chubb engaged in the business of insurance in the State

of New Mexico as defined by the New Mexico Insurance Code (NMSA§ 59A-1-4, *et seq*.) and

associated statutes, including the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1,

*et seq*.).

37.      Penske is a member of the class of the general public for whose benefit the

aforementioned statutes were enacted.

38.      Chubb, in committing the acts and omissions alleged herein, violated the statutory

duties imposed on it by the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq*.),

including but not limited to NMSA § 59A-16-20.

39.      Penske has a right to maintain this action against Defendants, pursuant to

NMSA§59A-16-30, *et seq.,* which permits a private right of action by Penske.

40.     Chubb violated the New Mexico Unfair Claims Practices Act in all, but not necessarily limited to, the following ways:

a.      Failing to acknowledge and act reasonably and promptly upon communications with respect to claims from insureds arising under the policies;

b.      Failing to adopt and implement reasonable standards for the prompt investigation and processing of its Insureds' claims arising under the policies;

c.      Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of an Insureds' claims in which liability has become reasonably clear;

d.      Failing to promptly provide an Insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable laws for denial of a claim or for the offer of a compromised settlement; and

e.      Failing and refusing to mediate, resolve, and settle the subject claims.

41.     Chubb's acts and omissions alleged herein, were committed by its employees, representatives, agents and/or designees; and of those acts and omissions were ratified or acquiesced to by Chubb

42.     As a direct and proximate result of Chubb's acts and omissions alleged herein, Penske suffered damages in an amount to be proven at trial.

43.     Chubb's acts and omissions alleged herein, in violating the New Mexico Unfair Claims Practices Act, were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of Penske. Accordingly, Penske is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Chubb for its misconduct and to deter others from similar conduct in the future.

44.     Penske has been forced to retain the services of attorneys to enforce its rights herein, and as such, pursuant to NMSA §59A-16-30 and NMSA §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Penske Truck Leasing Co., L.P. and Penske Leasing and Rental Co., L.P., pray the Court enter judgment against Defendants Chubb National Insurance Company and ACE Property and Casualty Insurance Company for:

1.      All compensatory damages;

2.      Punitive damages;

4.      Pre- and post-judgment interest;

5.      Attorney fees and costs; and

6.      All other relief that the Court deems just and proper.

Respectfully submitted:

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
David M. Houliston
7500 Jefferson St. NE, Suite 106
Albuquerque, NM  87109
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com
*Attorneys for Plaintiffs Penske Truck Leasing Co.,*
*L.P. and Penske Leasing and Rental Co., L.P.*

8

 **CT Corporation**

**Service of Process Transmittal**
09/09/2021
CT Log Number 540213867

**TO:**  Paul Bech
Chubb
436 Walnut St
Philadelphia, PA 19106-3703

**RE:**  **Process Served in New Mexico**

**FOR:**  ACE Property and Casualty Insurance Company  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PENSICE TRUCK LEASING CO., L.P. AND PENSKE LEASING AND RENTAL CO. vs. CHUBB NATIONAL INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # D101CV202101865 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Espanola, NM |
| **DATE AND HOUR OF SERVICE:** | By Electronic Delivery on 09/09/2021 at 14:59 |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/09/2021, Expected Purge Date: 09/14/2021 |
| | Image SOP |
| | Email Notification,  Incoming Legal  incominglegal@chubb.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>206 S Coronado Ave<br>Espanola, NM 87532<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**Please note: Service was accepted by the OSI on 9/9/21, the service was delivered to CT on 9/9/21.**

Wolters Kluwer

| SUMMONS | |
|---|---|
| **District Court: First Judicial District Court**<br>**Santa Fe County**<br>**State of New Mexico**<br><br>**Court Address: First Judicial District Court**<br>**225 Montezuma Avenue**<br>Santa Fe ~~Albuquerque~~, NM 87501<br><br>**Court Telephone No.: (505) 455-8250** | **Case Number: D-101-CV-2021-01865**<br><br><br>**Judge: Honorable Kathleen McGarry**<br>**Ellenwood** |
| **PENSKE TRUCK LEASING CO., L.P., and**<br>**PENSKE LEASING AND RENTAL CO.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHUBB NATIONAL INSURANCE COMPANY,**<br>**ACE PROPERTY AND CASUALTY**<br>**INSURANCE COMPANY,**<br><br>**Defendants.** | **Defendant**<br><br>**Name:    Ace Property and Casualty**<br>**Insurance Company**<br><br>**Address: c/o Office of Superintendent of**<br>**Insurance**<br>**PO Box 1689**<br>**Santa Fe, NM 87504-1689** |
| | |

**TO THE ABOVE-NAMED DEFENDANT**: Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this ___30th___ day of ___August___, 2021.

Kathleen Vigil
CLERK OF COURT

By: _Desiree Brooks_
        Deputy



LAW OFFICES OF DAVID M. HOULISTON

_/s/ David M. Houliston_____
David M. Houliston
7500 Jefferson Street NE, Suite 106
Albuquerque, NM 87109
(505) 247-1223
david@houlistonlaw.com

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/27/2021 12:17 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

PENSKE TRUCK LEASING CO., L.P., and
PENSKE LEASING AND RENTAL CO.,

Case assigned to Ellenwood, Kathleen McGarry

     Plaintiffs,

v.                      ~~Case~~ No. D-101-CV-2021-01865

CHUBB NATIONAL INSURANCE COMPANY, and
ACE PROPERTY AND CASUALTY INSURANCE
COMPANY.

     Defendants.

## COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT

     Plaintiffs, Penske Truck Leasing Co., L.P. and Penske Leasing and Rental Co., L.P., by and through counsel of record, Law Offices of David M. Houliston (David M. Houliston), and for their Complaint for Breach of Contract, Bad Faith, and Violation of the New Mexico Unfair Claims Practices Act, against Defendants Chubb National Insurance Company and ACE Property and Casualty Insurance Co., state:

### PARTIES AND JURISDICTION

     1.     Plaintiffs, Penske Truck Leasing Co., L.P. and Penske Leasing and Rental Co. (collectively referred to herein as "Penske"), at all times material hereto, are Delaware limited partnerships licensed to conduct business throughout the State of New Mexico.

     2.     Upon information and belief, Chubb National Insurance Company and ACE Property and Casualty Insurance Company, (herein after referred to collectively as "Chubb") are foreign corporations authorized by the New Mexico Department of Insurance to do business in New Mexico pursuant to the rules and regulations promulgated by the Superintendent of Insurance and other applicable New Mexico statutes and jurisprudence.

1

3.      Pursuant to NMSA 1978, Section 59A-5-31, Chubb's designated agent for service of process is the Superintendent of Insurance for the State of New Mexico, whose office is in Santa Fe, New Mexico.

4.      Based on the above paragraphs, jurisdiction and venue are proper in the First District Court, County of Santa Fe, New Mexico pursuant to NMSA § 38-3-1(A) and (F) (Repl. 1998).

## BACKGROUND

5.      In October 2006, Penske entered into a Vehicle Lease Service Agreement ("VLSA") with Core-Mark Midcontinent, Inc. ("Core-Mark") which designated Penske as an Additional Insured for automobile insurance coverage purchased by Core-Mark.

6.      The VLSA was in force at all times material to this action and remains in effect today.

7.      The VLSA requires Core-Mark to purchase liability insurance to cover Penske under the policy purchased by Core-Mark.

8.      In furtherance of its obligations under the VLSA, Core-Mark purchased insurance from Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Policy #AS2-691-436369148 ("the Policy") with an applicable policy period of January 31, 2018, through January 31, 2019.

9.      Penske was an Additional Insured and Certificate Holder under the Policy issued to Core-Mark by Liberty Mutual.

10.     Core-Mark also purchased Commercial Umbrella Liability coverage from Chubb under Policy #G27946422-003 ("Commercial Umbrella Policy") with an applicable policy period of January 31, 2018, through January 31, 2019.

11.     The Chubb policies are in excess to, and serve as umbrella coverage for, the underlying insurance policy purchased by Core-Mark from Liberty Mutual.

2

12.     Chubb is the excess/umbrella insurer for Core-Mark International, Inc, who leases tractor units from Penske for operation on the interstate highways throughout the United States, including operations within the State of New Mexico.

13.     During the applicable policy periods for both Chubb and Liberty Mutual, on July 6, 2018, a tractor owned by Penske and leased to Core-Mark under the VLSA was involved in a motor vehicle collision in the State of New Mexico. The trailer unit involved in the accident was owned by Core-Mark.

14.     At the time of the collision, the Penske tractor unit was leased to Core-Mark pursuant to the terms of the VLSA and was operated by an employee of Core-Mark, Scot Robert Nelson.

15.     As a result of the accident, suit was filed on March 27, 2019 against Penske, Scot Robert Nelson, and Core-Mark, in the State of New Mexico, County of Dona Ana, Third Judicial District Court, as Cause No. D-307-CV-2019-00891 ("Underlying Case") *Garcia et.al v Core-Mark Midcontinent, Inc., Penske Truck Leasing, Co., L.P., and Scot Robert Nelson* ("Garcia Plaintiffs").

16.     The claims alleged in the Underlying Case by the Garcia Plaintiffs against Core-Mark and Penske are covered under the Commercial Umbrella Policy issued by Chubb to Core-Mark.

17.     Penske tendered the defense of the Underlying Case to the respective insurance carriers including Chubb and Liberty Mutual and has been defended pursuant to their status as an Additional Insured under the Liberty Mutual policy and an Insured under the Chubb Commercial Umbrella Policy.

18.     During the course of the litigation in the Underlying Case, Chubb has taken positions directly in opposition to the interests of its Insured – Penske.

19.     Chubb has refused make reasonable settlement offers to the Garcia Plaintiffs to resolve the Underlying matter and has instead, attempted to coerce Penske into paying its funds to resolve the case.

20.     Chubb, through its claims professionals, has also misstated the coverages afforded under the Commercial Umbrella Policy, misstated the law regarding the scope of coverage, and otherwise failed to act in good faith with respect to the rights of Penske.

21.     Chubb has failed to act in good faith and deal fairly with Penske in numerous ways and on multiple occasions, including but not limited to, failing to have an adjuster assigned to the Penske claim, a separate adjuster to handle the Core-Mark claim, taking positions directly contrary to the best interests of its Insured Penske, and failing to attempt a good faith settlement in the Underlying Case to protect the interests of Penske.

### COUNT I
### BREACH OF CONTRACT

22.     Penske re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

23.     Because of the Insured status under the Commercial Umbrella Policy from Chubb, Penske relied upon and placed its trust in Chubb and their employees, to act in good faith and in a reasonable manner in the event a claim was filed against Penske which was covered under the Commercial Umbrella Policy arising out of Core-Mark's use and operation of a tractor unit.

24.     The claim filed by the Garcia Plaintiffs in the Underlying Case is exactly the type of loss Penske was assured would be covered under the Commercial Umbrella Policy.

25.     Chubb, their employees, and agents were in a fiduciary relationship with Penske and were under a duty to use the skill, care and knowledge of other claims representatives and

4

underwriters, practicing as insurance claims representatives and underwriters, in evaluating and investigating claims made against its Insureds in a prompt and thorough manner.

26.     The Commercial Umbrella Policy requires Chubb to honor its obligations under the subject policy.

27.     Chubb breached its contract with Penske by failing to provide the coverage promised and the claims services represented.

28.     Chubb, either intentionally, or in the alternative, negligently breached the insurance policy contractual provisions by failing to attempt in good faith to settle with the Garcia Plaintiffs under the Commercial Umbrella Policy.

29.      As a direct result, Penske suffered damages and will suffer damages in the future in a total amount not presently determinable, but to be proven at the time of trial.

**COUNT II**
**BAD FAITH**

30.     Penske re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

31.     Implicit in the contract of insurance is the covenant that Chubb would, at all times, act in good faith and deal honestly and fairly with Penske. At all times, Penske acted honestly and good faith in all its dealings with Chubb.

32.     Chubb breached the implied covenant of good faith and fair dealing in one or more of the following ways, including but not limited to:

    a.      Failing and refusing to acknowledge that the Commercial Umbrella Policy referenced above applies in this matter;

    b.      Failing and refusing to promptly and fairly investigate, process, determine, and decide Plaintiff's claims under the Commercial Umbrella Policy referenced above; and

c.     Denying and delaying coverage to Plaintiff under the Commercial Umbrella Policy referenced above.

33.     As a direct and proximate result of Chubb's acts and omissions alleged herein, Plaintiff has suffered damages in an amount to be proven at trial.

34.     Chubb's acts and omissions alleged herein in breach of the implied covenant of good faith and fair dealing were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Chubb for its misconduct and to deter others from similar conduct in the future.

**COUNT III**
**VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT**

35.     Penske re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

36.     At all times material hereto, Chubb engaged in the business of insurance in the State of New Mexico as defined by the New Mexico Insurance Code (NMSA§ 59A-1-4, *et seq*.) and associated statutes, including the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq*.).

37.     Penske is a member of the class of the general public for whose benefit the aforementioned statutes were enacted.

38.     Chubb, in committing the acts and omissions alleged herein, violated the statutory duties imposed on it by the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq*.), including but not limited to NMSA § 59A-16-20.

39.     Penske has a right to maintain this action against Defendants, pursuant to NMSA§59A-16-30, *et seq.,* which permits a private right of action by Penske.

40.     Chubb violated the New Mexico Unfair Claims Practices Act in all, but not necessarily limited to, the following ways:

a.      Failing to acknowledge and act reasonably and promptly upon communications with respect to claims from insureds arising under the policies;

b.      Failing to adopt and implement reasonable standards for the prompt investigation and processing of its Insureds' claims arising under the policies;

c.      Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of an Insureds' claims in which liability has become reasonably clear;

d.      Failing to promptly provide an Insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable laws for denial of a claim or for the offer of a compromised settlement; and

e.      Failing and refusing to mediate, resolve, and settle the subject claims.

41.     Chubb's acts and omissions alleged herein, were committed by its employees, representatives, agents and/or designees; and of those acts and omissions were ratified or acquiesced to by Chubb

42.     As a direct and proximate result of Chubb's acts and omissions alleged herein, Penske suffered damages in an amount to be proven at trial.

43.     Chubb's acts and omissions alleged herein, in violating the New Mexico Unfair Claims Practices Act, were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of Penske. Accordingly, Penske is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Chubb for its misconduct and to deter others from similar conduct in the future.

44.     Penske has been forced to retain the services of attorneys to enforce its rights herein, and as such, pursuant to NMSA §59A-16-30 and NMSA §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Penske Truck Leasing Co., L.P. and Penske Leasing and Rental Co., L.P., pray the Court enter judgment against Defendants Chubb National Insurance Company and ACE Property and Casualty Insurance Company for:

1.     All compensatory damages;

2.     Punitive damages;

4.     Pre- and post-judgment interest;

5.     Attorney fees and costs; and

6.     All other relief that the Court deems just and proper.

Respectfully submitted:

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
David M. Houliston
7500 Jefferson St. NE, Suite 106
Albuquerque, NM  87109
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com
*Attorneys for Plaintiffs Penske Truck Leasing Co.,*
*L.P. and Penske Leasing and Rental Co., L.P.*

**RETURN[1]**

STATE OF NEW MEXICO    )
             ) ss.
COUNTY OF _____ )

   I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, 2021, by delivering a copy of this summons, with copies of Complaint and discovery attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ]  [to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept summons and complaint)*

[ ]  to the defendant by [mail] [courier service] as provided by Rule 1-004NMRA *(used when service is by mail or commercial courier service).*

   After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the follow manner:

[ ]  [to _____ , a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ , *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[]  [to _____, an agent authorized to receive service of process for defendant _____.

[ ]  [to _____ , [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]  [to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*)

Fees: _____     _____
                         Signature of Person Making Service

Subscribed and sworn to before me this ____
day of _____, 2021[2].     _____
                         Title (if any)


                         My Commission Expires:
_____
Judge, Notary or Other Officer
Authorized to Administer Oaths       _____


_____
Official Title

1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to the service of the summons and complaint on the defendant.

2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.